AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| JERMAINE FORD | ) | 1:18-mj-489 |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 27, 2018 _____ in the county of _____ Bartholomew _____ in the
_____ Southern _____ District of _____ Indiana _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher R. Wright, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 05/17/2018 _____

_____
*Judge's signature*

City and state: _____ Indianapolis, Indiana _____

Debra McVicker Lynch, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

     1.     I, Christopher R. Wright, am a Special Agent ("SA") with the Bureau of Alcohol,
Tobacco, Firearms and Explosives ("ATF") and have been so employed since January of 2015. I
have had extensive training at the Federal Law Enforcement Training Center in the Criminal
Investigator Training Program and ATF Special Agent Basic Training. I am currently assigned to
the ATF Indianapolis field office in Group Three (3). My primary responsibility is investigating
violations of federal firearms laws. Prior to becoming an ATF SA, I was employed for two and
half (2.5) years as a United States Border Patrol Agent in southern California. Prior to being
employed by the United States Border Patrol, I served as a police officer with the Highland
Police Department in Lake County, Indiana, and the Indiana University Police Department for
approximately seven (7) years. I graduated from Indiana University and received a bachelor's
degree in criminal justice with a minor in psychology. I served more than four (4) years in the
United States Marine Corps as a machine gunner and a member of a Maritime Special Purpose
Force.

     2.     The facts in this affidavit come from my personal observations, my training and
experience, and information obtained from other law enforcement personnel. This affidavit is
intended to show merely that there is sufficient probable cause for the requested warrant and
does not set forth all of my knowledge about this matter.

     3.     This Affidavit is submitted in support of a criminal complaint charging Jermaine
FORD ("FORD"), DOB XX/XX/1985, with possession of a firearm by a convicted felon, in
violation of Title 18, United States Code, Section 922(g)(1).

     4.     <u>Traffic Stop & Recovery of Firearm</u>. On February 27, 2018, Trooper Matthew D.
Powell with Indiana State Police ("ISP") observed a traffic violation involving a white Ford

1

Edge in the vicinity of Jonesville Road south of State Road 46. More specifically, Trooper Powell observed that the vehicle was traveling approximately 40 miles per hour in a 30 mile per hour zone. As Trooper Powell followed the vehicle, it wove in its lane of travel and changed speeds significantly (slowing to approximately 28 miles per hour and then increasing to approximately 52 miles per hour).

5.      Trooper Powell initiated a traffic stop just north of Southern Crossing. While talking to both the passenger and driver, Trooper Powell observed several things that caught his attention. Trooper Powell advised FORD (the driver) of the reason for the stop, and FORD admitted to speeding. While speaking to both occupants of the vehicle, Trooper Powell observed FORD bump his right hand on his right pants pocket two times. From Trooper Powell's experience, persons concealing weapons and contraband often touch the weapon or contraband subconsciously during their encounter with law enforcement.

6.      Officer Jones with the Columbus Police Department ("CPD") arrived at the traffic stop location to assist Trooper Powell. Officer Jeremy Jones is a K-9 officer with CPD. Officer Jones arrived while Officer Powell was running information on his computer (the occupants had not provided a registration for the vehicle, and the female passenger stated that the car had been stolen a short time ago). Officer Jones' K-9, Max, alerted to the front passenger door on the Ford Edge for the presence of drugs in the vehicle.

7.      Trooper Powell then instructed FORD (the driver) to exit the vehicle. FORD exited the vehicle and was detained pending further investigation. Due to the suspicious behavior, the probable cause given by the canine free air sniff, and FORD's reluctance to exit the vehicle when first asked, Trooper Powell placed handcuffs on FORD and checked him for weapons.

2

8.      At this time, Trooper Powell noticed a heavy object inside FORD's pants that felt like a firearm. Trooper Powell reached into FORD's pants and removed the object, which was a firearm. FORD then began talking about finding the gun behind his workplace.

9.      The firearm retrieved from FORD's pants was a Glock, model G19, caliber 9mm, pistol, bearing serial number ZFT746. It had been reported as stolen from Marion County.

10.      <u>Subsequent Arrest</u>. On May 1, 2018, FORD was arrested on unrelated state felony arrest warrants.

11.      <u>Custodial Interview</u>. On May 2, 2018, I conducted a custodial interview of FORD at the Bartholomew County Sheriff's Office in Columbus, IN. The interview was audio and video recorded. FORD was read his Miranda Rights verbatim from an Advice of Rights and Waiver form. FORD waived his rights, signed the form, and spoke to me.

12.      I asked FORD what happened when he was arrested on the night of February 27, 2018. FORD stated he got caught with a firearm. FORD stated he was driving a Ford Edge that was registered to him. FORD stated he was stopped for speeding and then a K-9 alerted to his vehicle.

13.      FORD stated he had a handgun on his waist (waistband – right side of his body). FORD stated the firearm was a Glock 19. FORD advised he found the firearm near a dumpster at work the night he got arrested.

14.      I asked FORD if he was aware he was a convicted felon and that he was not allowed to possess firearms. FORD stated, "ya." FORD further stated he was aware of his felony Domestic Battery.

15.      I readdressed how FORD came in possession of the firearm. I asked FORD if he had purchased the firearm. FORD stated that he purchased the firearm for $600.00.

16.     Examination of Firearm. On or about May 2, 2018, I examined the above-described Glock pistol. I determined that the firearm functioned as designed and thus is capable of expelling a projectile by the action of an explosive.

17.     I contacted an ATF Interstate Nexus Expert regarding the above-described Glock pistol. Based on the descriptions of this firearm, the expert determined that the Glock is a firearm, as defined in 18 U.S.C. § 921, and that the firearm was manufactured outside of the State of Indiana.

18.     Prior Convictions. As part of my investigation, I reviewed FORD's criminal history. I learned that he has been previously convicted of crimes punishable by more than one year imprisonment, i.e., Domestic Battery, in the Bartholomew County, IN, Circuit Court, on or about December 3, 2015; Domestic Battery and Criminal Confinement, in the Bartholomew County, IN, Superior Court, on or about December 15, 2011; and, Domestic Battery, in the Bartholomew County, IN, Superior Court, on or about February 11, 2008.

19.     All of the above-described events occurred in the Southern District of Indiana.

## Conclusion

20.     Based on the facts set forth in this affidavit, I respectfully submit that probable

cause exists to believe that on or about February 27, 2018, in the Southern District of Indiana,

Jermaine FORD, having been convicted of a crime punishable by imprisonment for a term

exceeding one year, did knowingly possess a firearm, said firearm having been shipped and

transported in interstate or foreign commerce, in violation of Title 18, United States Code,

Section 922(g)(1).

_____
Christopher R. Wright, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Sworn to and subscribed to before me this __17__ th day of May, 2018.

_____
The Honorable Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana